EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hon. Roberto J.Sánchez Ramos Secretario de Justicia<br><br>    Peticionario<br><br>           v.<br><br> Tribunal de Apelaciones, Región Judicial de San Juan, et al<br><br>    Recurridos | Certiorari<br><br>2008 TSPR 156<br><br>175 DPR \_\_\_\_ |

Número del Caso: MD-2008-7

Fecha: 12 de septiembre de 2008

Tribunal de Apelaciones:

Región Judicial de San Juan-Panel III

Panel integrado por su Presidenta, la Jueza Bajandas Vélez, el Juez Aponte Hernández y el Juez Cortés Trigo

Abogados de la Parte Recurrida:

Lcdo. Harry Anduze Montaño
Lcdo. José A. Morales Boscio

Oficina del Procurador General:

Lcda. Isabel Sánchez Del Campo
Procuradora General Auxiliar

Materia: Mandamus dirigido contra Jueces del Tribunal de Apelaciones. Violación de Derechos Constitucionales, Entre dicho Provisional, Injction Preliminary Permanente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hon. Roberto J. Sánchez Ramos

Secretario de Justicia                    *Mandamus*

      Peticionario


                        MD-2008-7


       v.


Tribunal de Apelaciones, Región
Judicial de San Juan, *et al*      *RESOLUCIÓN*

      Recurridos



Sala de Verano integrada por el Juez Presidente señor Hernández Denton, el Juez Asociado señor Rivera Pérez y la Jueza Asociada señora Fiol Matta


      En San Juan, Puerto Rico, a 12 de septiembre de 2008.


      Examinada la petición de *Mandamus* presentada por la parte peticionaria en el caso de referencia, se provee no ha lugar.


      Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emitió voto disidente.


             Aida Ileana Oquendo Graulau
             Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hon. Roberto J. Sánchez Ramos
Secretario de Justicia
    Peticionario

              v.

Tribunal de Apelaciones,
Región Judicial de San Juan,        MD-2008-7        Mandamus
Panel III, integrado por sus
miembros: Hon. Zadette Bajandas
Vélez, Hon. Néstor S. Aponte
Hernández y Hon. Bruno E.
Cortés Trigo
     Recurridos

Voto disidente emitido por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico, a 12 de septiembre de 2008.

En el presente caso, el Secretario de Justicia nos solicita mediante un auto de *mandamus* que ordenemos al Tribunal de Apelaciones ejercer su deber ministerial de dejar sin efecto una orden en auxilio de jurisdicción emitida el pasado 22 de agosto de 2008. Mediante la referida orden, el foro apelativo paralizó indefinidamente un procedimiento disciplinario llevado por el Departamento de Justicia en contra de un fiscal. Ello para preservar el *status quo* mientras revisa una resolución del Tribunal de Primera Instancia denegando un entredicho provisional solicitado

por el fiscal querellado. Por entender que la acción provisional tomada por el Tribunal de Apelaciones tiene el mismo efecto de un *injunction* preliminar sin que se cumplan los criterios de dicho recurso extraordinario, y ante la realidad de que la mencionada orden constituye, por sí sola, un remedio más amplio al solicitado ante el foro apelativo, disentimos de la determinación de este Tribunal de denegar el recurso de autos.

## I.

El caso de epígrafe tiene su génesis en el proceso disciplinario que el Departamento de Justicia inició en contra del Lcdo. Felipe Algarín Echandi –quien es Fiscal Auxiliar II– con relación al hurto de propiedad pública en la Fiscalía de Humacao. Luego de varios incidentes procesales ante la Inspectora General del Departamento de Justicia, una oficial examinadora de dicha agencia citó al licenciado Algarín Echandi a una vista previa informal que se celebraría el 14 de agosto de 2008. La representación legal del licenciado Algarín Echandi solicitó la posposición de la vista, por lo que la Oficial Examinadora asignada al caso determinó posponer la misma para el 22 de agosto de 2008.

Luego de solicitar infructuosamente una segunda posposición de la vista previa informal, el 21 de agosto de 2008 el licenciado Algarín Echandi presentó una Demanda Jurada ante el Tribunal de Primera Instancia, así como un escrito titulado "Solicitud de Entredicho Provisional y/o

Injunction Preliminar y Remedios Provisionales", en los que solicitó que se paralizara la mencionada vista. Ese mismo día, el foro de instancia denegó mediante resolución <u>el entredicho provisional</u>. No obstante, y con el propósito de dilucidar la procedencia de los reclamos restantes, pautó una Conferencia con Antelación a la Vista en su Fondo a celebrarse el 5 de septiembre de 2008.

Inconforme, el licenciado Algarín Echandi presentó ante el Tribunal de Apelaciones una apelación acompañada de una moción en auxilio de jurisdicción con el propósito de que se revocara la determinación del foro de instancia que denegó el entredicho provisional solicitado. El tribunal apelativo acogió el recurso como un *certiorari,* ordenó la paralización de la vista informal previa, y le concedió al Departamento de Justicia un término de 10 días para que se expresara sobre el recurso en sus méritos. Transcurridas más de dos semanas desde que el Tribunal de Apelaciones dictó la referida resolución, y luego de comparecer ante dicho foro sin que éste tomara acción ulterior, el Hon. Roberto J. Sánchez Ramos acude ante este Tribunal mediante una "Petición de mandamus" para que ordenemos al Tribunal de Apelaciones ejercer su deber ministerial de dejar sin efecto su orden de paralización emitida el 22 de agosto de 2008.

En el día de hoy, una mayoría de este Tribunal se niega a expedir el mencionado recurso. Discrepamos de dicho curso de acción. Veamos.

## II.

En el presente caso, nos enfrentamos a una situación anómala y muy particular de la práctica apelativa. En auxilio de su jurisdicción, el Tribunal de Apelaciones paralizó indefinidamente la vista informal previa señalada ante la Oficial Examinadora del Departamento de Justicia mientras dilucida el recurso solicitando que se revoque la denegatoria del entredicho provisional por el Tribunal de Primera Instancia. Nótese, pues, que dicha orden en auxilio de su jurisdicción, al ordenar la paralización indefinida de la vista, tuvo el efecto de un *injunction* preliminar.

En primer lugar, la Regla 79 del Reglamento del Tribunal de Apelaciones dispone que las órdenes en auxilio de jurisdicción se regirán por las disposiciones pertinentes del Código de Enjuiciamiento Civil y de las Reglas de Procedimiento Civil, por lo que las reglas procesales que regulan el entredicho y los *injunctions* son pertinentes en el presente caso. 4 L.P.R.A. Ap. XXII-B. Como se sabe, un entredicho provisional se concede *ex parte* y por un término máximo de 10 días. 32 L.P.R.A Ap. III, R. 57.2. Por otro lado, la paralización indefinida de la vista informal previa mediante una orden en auxilio de jurisdicción constituye un *injunction* preliminar, que en esencia equivale a un remedio mucho más amplio y abarcador que el propio entredicho que el foro de instancia se negó a conceder y que ahora se encuentra en revisión ante el Tribunal de Apelaciones, además de que requiere la

celebración de una vista y de notificación previa para su concesión. 32 L.P.R.A Ap. III, R. 57.1.[1] Más aún, dado que el tribunal apelativo acogió un recurso de revisión de la denegatoria del entredicho, el Departamento de Justicia aún no ha tenido la oportunidad de ser oído ni de contestar la demanda original ante el foro de instancia.

¿Qué podría hacer el Tribunal de Apelaciones si, luego de paralizar el caso por varias semanas, determina expedir el *certiorari* y revocar la determinación del Tribunal de Primera Instancia de denegar la solicitud de entredicho provisional? Procedería entonces el entredicho provisional por un término máximo de diez días y se devolvería el caso al foro de instancia para que evalúe la demanda en sus méritos. Evidentemente, el licenciado Algarín Echandi obtuvo un mejor remedio mediante la orden provisional que emitió el Tribunal de Apelaciones que el efecto que podría tener la concesión del propio entredicho solicitado.

En vista de ello, somos del criterio que el tribunal apelativo erró al conceder la orden de paralización en auxilio de jurisdicción –paralizando <u>indefinidamente</u> la acción disciplinaria llevada contra el licenciado Algarín Echandi– con el propósito de revisar la denegatoria de un entredicho provisional. Como ya mencionamos, este remedio extraordinario sólo podría tener una duración máxima de 10

---

[1] Cabe destacar que la Regla 57.6 de Procedimiento Civil no es de aplicación al presente caso, pues ésta se refiere exclusivamente a la facultad de los tribunales apelativos en los supuestos que se recurre o apela de la concesión o denegatoria de un *injunction*, mas no de un entredicho provisional. 32 L.P.R.A. Ap. III.

días, los cuales son prorrogables únicamente si media justa causa. Al ser una orden provisional *ex parte* para revisar la denegatoria de un entredicho, entendemos que la misma no debe excederse del término de 10 días que caracteriza a dicho recurso extraordinario, a menos que el tribunal expresamente prorrogue dicho término de conformidad con la Regla 57.2 de Procedimiento Civil, *supra*. Además, la orden de paralización de un procedimiento disciplinario sin notificación previa y sin que el Departamento de Justicia haya tenido el derecho a ser oído debe cumplir rigurosamente con los requisitos de estricto cumplimiento para la concesión de dicho remedio. Véase E.L.A. v. Asoc. De Auditores, 147 D.P.R. 669, 680 (1999).

Por otro lado, el recurso extraordinario de *mandamus* constituye un vehículo procesal adecuado para revisar una orden de entredicho provisional emitida incorrectamente por un foro de inferior jerarquía o en exceso de su jurisdicción. Véase In re King World Productions, Inc., 898 F. 2d 56, 59 (6to Circ. 1972). Asimismo, hemos expresado que "la inercia del juez [...] da derecho al ejercicio del recurso extraordinario de Mandamus". Pueblo v. Mojica Cruz, 115 D.P.R. 569, 575 (1984). En vista de que en el caso de autos no se cuestiona la corrección de la orden provisional emitida inicialmente por el tribunal apelativo, sino su omisión en dejar la misma sin efecto o prorrogarla dentro del término jurisdiccional establecido para ello, somos del

criterio que procede el *mandamus* solicitado. Véase D. Rivé Rivera, <u>Recursos Extraordinarios</u>, págs. 97-99.

Por último, nos preocupa la intervención a destiempo de los tribunales en un procedimiento administrativo disciplinario iniciado por una agencia gubernamental a raíz de una investigación sobre la alegada apropiación ilegal de un bien mueble del Estado. En este caso, el Departamento de Justicia citó al licenciado Algarín Echandi a una vista informal ante una oficial examinadora para concederle una oportunidad a ser oído y refutar los hallazgos de la investigación que condujo la agencia en su contra, según lo requerido por el debido proceso de ley. No obstante, el tribunal apelativo paralizó indebida y prematuramente dicho procedimiento administrativo sin que el Departamento concluyera el mismo y sin que el licenciado Algarín Echandi agotara los remedios administrativos disponibles. Dicha actuación es contraria a nuestro ordenamiento y a las normas básicas de la práctica apelativa.

Por todo lo antes expuesto, disentimos de la determinación de este Tribunal de negarse a expedir el recurso solicitado. Ante el hecho de que la procedencia del entredicho provisional es el único asunto planteado en el caso KLAN2008-01218, y en vista de que el foro apelativo ya no tiene jurisdicción para mantener vigente dicha orden, ordenaríamos al Tribunal de Apelaciones devolver el caso al

foro administrativo para la continuación del procedimiento disciplinario.


                              Federico Hernández Denton
                                   Juez Presidente